PHŒNIX INSURANCE COMPANY *v.* J. S. DAY.

CHANCERY PLEADING AND PRACTICE. *Demurrer, bad in part is bad altogether.* The Court will not depart from the general rule that a demurrer bad in part is bad altogether, where a decision of the matter of demurrer might give one party an unconscientious advantage, and the case presented by the bill is proper for equitable examination, although the complainant has been negligent in making defense at law.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. R. J. MORGAN, Ch.

ESTES & ELLETT for Complainant.

GANTT & PATTERSON for Defendant.

COOPER J., delivered the opinion of the Court.

The Chancellor overruled a demurrer to the bill, but permitted the defendant to appeal.

On the 29th of April, 1875, defendant recovered a judgment by default at law against complainant on a check purporting to be drawn on the 16th of September, 1873, by complainant's then secretary, in favor of defendant. The bill charges that when this check was drawn the defendant and said secretary were engaged jointly in secret operations in stocks, and that said check was given as a memorandum of advances by defendant in said speculations; that the secretary had no authority to draw checks for such a purpose, or to appropriate the money of the company to his private use; that upon a settlement between defendant and said secretary, about the 15th of August, 1873, of their speculations, it was found that the secretary had used the funds of the company in said operations to the amount of $8,600, and defendant executed his note to complainant, dated of that date, for $4,300, his share of these losses, and deposited the same, with certain stocks and bonds, as collateral security for its payment, in the hands of the secretary for the benefit of the company, which were entered on its books; that shortly afterwards, and before his defalcations were discovered, the secretary was fraudulently induced by the defendant to surrender the note and securities to him.

The bill seeks to set aside the judgment at law,

and to hold the defendant liable for the note and securities. The defendant is, and has been since its organization, a director of the complainant.

The demurrer to the bill is general, assigning for causes, that no sufficient excuse is shown for not having made defense at law; that the remedy is at law, and the bill multifarious.

By the Code, sec. 4327, the uniting in one bill of several matters of equity, distinct and unconnected, is not multifariousness. The bill is therefore, not multifarious, Nor has it been disputed that the complainant might, in equity, hold one of its directors liable for any of its assets surreptitiously obtained. There is, then, equity in the bill, and the other causes of demurrer which go exclusively to so much of the bill as relates to the judgment at law, being assigned as a demurrer to the whole bill, are too broad, and were properly overruled. The settled rule of chancery practice is, that a demurrer bad in part must be overruled altogether: *Fay* v. *Jones*, 1 Head, 442; *Bettick* v. *Wilkins*, 7 Heis., 312.

This Court has occasionally, since the passage of the Act authorizing an appeal by permission of the Chancellor from his ruling on the demurrer, felt at liberty to so far depart from the rule as to determine questions involved, when the decision would greatly narrow the litigation, and would be to the interest of both parties: *Riddle* v. *Motley*, 1 Lea, 468. The reason for this exception does not apply in the present case. For, a decision sus-

taining the Chancellor's decree would not narrow the litigation, and, while a contrary ruling would have that effect, it would not be to the interest of both parties, and might give the successful party an unconscientious advantage.

The check on which the judgment was recovered was secretly retained by the defendant until the middle of October, 1874. The complainant refused to recognize its liability, and suit was brought by summons executed on the 26th of December, 1874. The Board of Directors was advised by the President of the service of the writ. It was then, the bill says, the duty of the secretary to notify the counsel " previously retained." The Board expected he had done so. About that time, however, the then secretary became a defaulter, and was discharged. He did not notify the counsel, and told his successor that he " expected the suit was dropped," and complainant " believes that he honestly thought so," having been confidentially informed by his predecessor of the real nature of the transaction. So it was, no notice was given to counsel, and the judgment by default was taken.

These facts do show negligence on the part of the complainant in making its defence at law. And we are not prepared to say that a director of a corporation who has brought suit against it for an individual demand, is, merely because he is a director, bound to notify the corporation of every step he proposes to take in his suit, or estopped to proceed therein in due course of law. He can-

not complain, however, if the Court set-off his negligence in his pleading in equity against his adversary's negligence in pleading at law, and give a hearing on the merits.

The check sued on is alleged to have grown out of the joint operations in stocks of himself and the secretary who gave it, in which the funds of the company were used. This was a plain violation of his duty as a director. It is a proper case, under all the circumstances, for a trial of all the matters of the bill in the Court of Chancery.

The Chancellor's decree will be affirmed, with costs, and the cause remanded for an answer.